# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TWAN McCRAE,

      Petitioner,

v.

WARDEN, LONDON
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:18-CV-1211
JUDGE MICHAEL H. WATSON
Chief Magistrate Judge Elizabeth P. Deavers

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Petitioner has filed a Motion to Proceed *in forma pauperis* with an attached prison account statement. Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED.**

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Such are the circumstances here. For the following reasons, the Undersigned therefore **RECOMMENDS** that this action be **DISMISSED**.

**Facts and Procedural History**

Petitioner challenges his April 3, 2000, conviction after a jury trial in the Muskingum County Court of Common Pleas on charges of murder and two counts of having a weapon while under disability. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶2} In February of 2000, a jury found McCrae not guilty of aggravated murder, but guilty of the lesser included offense of murder and of two counts of having a weapon while under disability. By entry filed on April 3, 2000, the trial court sentenced McCrae to an indefinite term of fifteen years to life on the murder count, plus a mandatory three-year prison term for a firearm specification, to be served consecutively. As for the weapons charges, the trial court merged the two counts and sentenced McCrae to five years in prison, to be served consecutively to the other sentences. In the sentencing entry and at the sentencing hearing, the trial court provided post-release control was "mandatory up to a maximum of five years." In the entry, the trial court also stated it informed McCrae of the consequences for violating post-release control.
>
> McCrae is currently incarcerated and serving his original sentence.
>
> {¶3} McCrae filed a direct appeal and argued the trial court erred in admitting a firearm into evidence that was not the actual firearm used on the evening in question. In *State v. McCrae*, 5th Dist. Muskingum No. CT2000–0012, 2000 WL 1884829 (Dec. 20, 2000), we overruled McCrae's assignment of error and affirmed his conviction.[1]
>
> {¶4} On June 17, 2016, McCrae filed a motion for resentencing to vacate void sentence pursuant to R.C. 2967.28. McCrae argued the trial court failed to properly impose post-release control and requested a de novo sentencing hearing. The State filed a response on June 26, 2016 and stated the term of post-release control given to McCrae at the sentencing hearing and in the original sentencing entry was incorrect. Rather than five years mandatory post-release control, McCrae should have been given three years of optional post-release control. However, the State argued the trial court should not hold a de novo sentencing hearing, but should hold a resentencing hearing only on the issue of post-release control.
>
> {¶5} On August 8, 2016, the trial court issued a nunc pro tunc sentencing entry changing the language contained in the sentencing entry regarding post-release control from a mandatory five year term to an optional term for up to three years.

---

[1] Petitioner apparently did not file an appeal of that decision to the Ohio Supreme Court. (*See Petition*, ECF No. 1, PAGEID # 9.)

{¶6} McCrae appealed the August 8, 2016 judgment entry. He argued the trial court erred when it issued a nunc pro tunc sentencing entry and failed to hold a de novo sentencing hearing. In *State v. McCrae*, 5th Dist. Muskingum No. CT2016–0047, 2016–Ohio–8182, we agreed with McCrae that the trial court erred in resentencing McCrae through a nunc pro tunc journal entry. *Id.* at ¶ 12. We found, however, McCrae was not entitled to a de novo sentencing hearing. We stated:

> In *State v. Fisher*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332, the Ohio Supreme Court held, "only the offending portion of the sentence is subject to review and correction" and thus the "new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of post-release control." Therefore, while appellant's sentence is void with respect to post-release control, the remainder of his sentence is valid under the principles of res judicata. *Id*. This Court has applied Fisher to cases in which defendants were sentenced prior to July 11, 2006, and affirmed decisions in which the trial court denied the defendant a de novo sentencing hearing. *State v. Minor*, 5th Dist. Richland No. 15CA81, 2016–Ohio–914; *see also State v. Bunting*, 5th Dist. Stark Nos. 2011 CA 00112, 2011 CA 00130, 2011 CA 00131. Accordingly, appellant is not entitled to a de novo sentencing hearing.

*Id*. at ¶ 13.

{¶7} We remanded the matter to the trial court to conduct a limited resentencing hearing to cover only the imposition of post-release control. *Id.* at ¶ 14. We held the remainder of the sentence was valid under the principle of res judicata. *Id.*

{¶8} The trial court held a limited resentencing hearing pursuant to our remand on January 17, 2017. At the hearing, McCrae argued the sentencing hearing was a de novo sentencing hearing and accordingly, the trial court should reduce his sentence under HB 86. The trial court overruled his request and imposed the correct post-release control.

{¶9} It is from this judgment McCrae now appeals.

ASSIGNMENTS OF ERROR

{¶10} McCrae raises two Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED BY FAILING TO SENTENCE DEFENDANT TO THE REDUCE [SIC] MINIMUM SENTENCE OF FELONY 3 OF THREE YEARS AND NOT FIVE YEARS PURSUANT TO H.B. 86 AMENDMENT.

{¶12} "II. TRIAL COURT FAILED TO ADVISE DEFENDANT OF HIS RIGHT TO APPEAL PURSUANT TO CRIM.R. 32(A) AFTER RESENTENCING AND FURTHER FAILED TO INCORPORATE THAT IN ITS JOURNAL ENTRY ISSUED JANUARY 19TH 2017."

*State v. McCrae*, 5th Dist. No. CT2017-0008, 2017 WL 2268788, at *1-2 (Ohio Ct. App. May 18, 2017). On May 18, 2017, the appellate court affirmed the judgment of the trial court. *Id*. On October 11, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. McCrae*, 150 Ohio St.3d 1154 (Ohio 2017).

On October 10, 2018, Petitioner filed this habeas corpus *Petition*. He asserts that the trial court erred in "[a]dmitting the handgun as demonstrative evidence, because it mislead [sic] the jury as to the condition and operative nature of the actual weapon" in violation of Rule 403 of the Ohio Rules of Evidence (claim one); that the trial court erred by failing to hold a *de novo* sentencing hearing (claim two); that the trial court erred by failing to reduce Petitioner's sentence pursuant to House Bill 86 (claim three); and that the trial court improperly failed to advise him of his right to appeal at the re-sentencing hearing (claim four).

**Unsigned Petition**

Petitioner failed to sign the *Petition*, and it therefore is subject to dismissal on this basis alone. *See Hall v. Trierweiler*, No. 16-cv-10126, 2016 WL 3611887, at *1 (E.D. Mich. July 6, 2016) (E.D. Mich. July 6, 2016) (citing *Vernon v. Alexander*, 815 F.2d 81 (Table) (6th Cir. 1987); *Moorer v. Winn*, No. 2:14-12463, 2014 WL 2993721, at *1 (E.D. Mich. July 3, 2014)); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts ("The petition must. . . be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.") However, even if Petitioner's filing were compliant, none of Petitioner's claims provide him a basis for relief.

**State Law Claims**

Additionally, all of Petitioner's claims raise issues regarding the alleged violation of State law or State evidentiary rules. These issues do not provide a basis for relief.[2] A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 18 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Further, alleged errors in state evidentiary rulings are not cognizable on federal habeas corpus review unless the State's ruling is so fundamentally unfair that it violates due process. *See Moreland v. Bradshaw*, 699 F.3d 908, 922 (6th Cir. 2012) (citing *Collier v. Lafler*, 419 F. App'x 555, 558 (6th Cir. 2011) (internal citation omitted); *see also Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here. To show a due process violation rooted in an evidentiary ruling, the Sixth Circuit typically requires a Supreme Court case establishing a due process right with regard to that specific kind of evidence. *Id.* (citation omitted). Petitioner does not refer to, and this Court aware of no Supreme Court case regarding the State evidentiary rule at issue here. Moreover, as noted by the state appellate court, *see State v. McCrae*, 2017 WL 2268788, at *2, Petitioner cannot establish any prejudice from the

---

[2] This action also appears to be subject to dismissal as unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A). However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

trial court's alleged failure to advise him of his right to appeal, because it did not cause him to lose his ability to file an appeal.

**Recommended Disposition**

Therefore, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

        _s/ *Elizabeth A. Preston Deavers*
        Elizabeth A. Preston Deavers
        United States Magistrate Judge